## No. 10,766.

### THE STATE EX REL. POLICE JURY ET AL. VS. JUDGE SECOND JUDICIAL DISTRICT COURT.

1. Act 33 of 1888 conferred powers and imposed duties upon the Police Jury of Bossier to hold elections touching the location of the parish seat, and to ascertain and proclaim the result of said elections, and gave to its declaration and proclamation the effect of *ipso facto* establishing the parish seat at the place so proclaimed to have been chosen.

2. The Police Jury is, primarily, the judge of the nature and extent of its powers and duties under the law, and no person or officer is competent to question or reverse its determination, except by an appeal, in proper form, to the judicial power. Until reversed by such authority its determination must be respected.

3. The declaration and proclamation by the jury of the result of the election, as being in favor of Benton, had the effect, under the law, of making Benton at least the *de facto* parish seat; and although its *de jure* title may be in dispute in pending litigation, its *de facto status* must be accepted and recognized until the question of title is finally settled.

4. It is of vital public interest that a parish should have a parish seat which should be fixed and certain. If the action of the Police Jury has been in accordance with the law, the parish seat of Bossier is at Benton. It had power to act; it has acted; its action can be set aside by judicial authority on issues properly framed; and until so set aside, every officer and person is bound to respect it.

5. It is the clear duty of respondent to hold the terms of his court at the parish seat, and he, in common with all others, is bound to accept the action of the Police Jury, fixing Benton as the parish seat, until judically annulled and set aside.

## APPLICATION for *Mandamus*.

*J. A. W. Lowry*, District Attorney, *Land & Land* and *Joannes Smith* for the Relators.

Respondent *in propria persona*.

The opinion of the court was delivered by

FENNER, J.    Act No. 33 of the General Assembly of 1888 provided for the removal of the parish seat of Bossier parish from Bellevue to one of certain named places, to be determined by the result of elections provided for in the act.

It confided the ordering and the conduct of said elections to the Police Jury of the parish.   The Police Jury were to order the elections and to appoint the commissioners to hold the same; said commissioners were to make their returns to the Police Jury; it was made the duty of said jury "to proclaim the result of said election or elections," and of its President to declare the place so proclaimed "to be the parish seat of Bossier parish."

After the last election had been held certain proceedings were taken by the Police Jury and its president, the effect of which was claimed to be the fixing of the town of Houghton as the parish seat; but in the case of the State ex rel. Mayor vs. Police Jury, decided by us at our late Shreveport term, we held that said proceedings were inoperative and did not constitute an ascertainment or proclamation of the result of said election.

Since that decision the Police Jury has taken further action.    It

State ex rel. Police Jury et al. vs. Judge.

has proclaimed the result of the election to be in favor of the town of Benton, and its president has, in conformity with the law, declared the parish seat removed to Benton by formal proclamation.

Section 2746, Revised Statutes, and Act No. 111 of 1880 make it the duty of police juries to provide, at the parish seat, a good and sufficient court house, with requisite furniture for the sitting of the District and Circuit Courts, and such offices and furniture as may be needed by the clerks and sheriff of said courts, and also a good and sufficient jail.

Accordingly the Police Jury has leased a building for a court house at Benton, and has ordered the records and furniture in the former court house to be removed thereto; and the same have been so removed. The clerk of court, the sheriff, assessor, parish treasurer and clerk of Police Jury have removed to Benton, and established their offices in the buildings provided.

In this state of case the Police Jury, joined by certain parties who have suits pending in the respondent's court, bring the present action, in which they set forth the facts and law as above stated, and aver that the town of Benton is *de jure* and *de facto* the parish seat; that it is the duty of respondent to hold the terms of his court, as fixed according to law, at said parish seat; but that he openly declares and proclaims that he will not recognize Benton as the parish seat, and will not hold court there; and they pray for a *mandamus* ordering him to do so.

The respondent in his answer makes no specific denial of the facts alleged, but sets up certain irregularities in the proceedings of the Police Jury under Act 33 of 1888 which, in his opinion, vitiate and render null their proclamation of Benton as the parish seat. He avers that the parish seat has not been changed in accordance with law, but remains at its former site, Bellevue; and concludes with the statement that "until the question is settled he can not legally hold a session of court at any place other than at Bellevue, the old and long established parish seat." He also sets up the pendency of a *mandamus* suit brought against the Police Jury by the mayor of the town of Houghton, the object of which is to ascertain judicially whether the Police Jury has performed its duty according to the law, and to require them to perform that duty legally. The respondent had decided that suit in favor of the relator therein, and a suspensive appeal had been taken to this court.

It is obvious that the litigation referred to cuts no figure in the present controversy, being undetermined and pending on a suspensive appeal before this court. We must decline to anticipate its decision by passing in this case upon the *de jure* title of Benton to be the parish seat of Bossier parish. Sufficient for all the purposes of this case will be our determination that it is the *de facto* parish seat, so constituted by the proclamation of the Police Jury, to which alone was confided all the authority over the subject matter delegated by Act 33 of 1888, and which has acted under color of that authority. Its action must have effect, and must be respected by all, until it shall have been annulled and set aside by competent authority. It was the right and duty of the Police Jury, under the law, to act; it has acted, and the law gives to its action the effect of fixing the parish seat. The law does not postpone this effect until it shall have been judicially determined that its action was in all respects conformable to law. It was the province of the Police Jury to determine, primarily, its duties under the law, and that determination can not be reversed except by competent judicial authority. If on proper issues the judicial authority should decide that the jury erred, and that its action was void, it may annul and cancel it; but until this is done, its decision must be respected and enforced.

The case is governed by the principles appplicable to *de facto* officers, meaning thereby officers who hold and exercise their functions, with apparent right and under color of legal authority, and whose acts are to be respected, although their *de jure* title be denied and be involved in pending litigation with adverse claimants. This is based upon a recognition of the public interest that the duties of the office should not lie in abeyance, but should be discharged by some one during the pendency of litigation to determine the issue of title. 2 High on Injunctions, Sec. 1315; Abbott's Law Dictionary, *verbo* "*de facto*."

It is of vital public interest that the parish seat of a parish should be fixed and certain. If the action of the Police Jury, in the exercise of functions confided to it alone by the law, has beeen in accordance with law, the parish seat of Bossier is undoubtedly at Benton. It does not lie in the mouth of any person or officer to question the legality of the jury's determination of its own duties under the law, except by an appeal, in proper form, to the judicial power; and until the courts have finally determined the issues ad-

versely to the jury, the latter's action must be given effect, and be respected by all.

We therefore hold that Benton is the *de facto* parish seat of Bossier, entitled to be accepted and treated as such by all officers and other persons until the action of the Police Jury shall be annulled by the only competent authority.

Of course, no question ·can arise as to the duty of respondent to hold the terms of his court at the. parish seat, and he does not question the authority of this court to direct the performance of that duty by *mandamus*. As we understand his answer, he only desires the instruction of the court as to what his duty in the premises is. We are very clearly of opinion that he should recognize Benton as the parish seat until otherwise judicially determined, and should hold his court at that place.

It is therefore ordered that the provisional writ of *mandamus* herein issued be now made peremptory.